UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN LEE ADAMS, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01564-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Denying a Certificate of Appealability**

The petitioner, by counsel, filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing

that under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct.

1257 (2016), his sentence was unconstitutionally enhanced and he must be resentenced. On March

13, 2017, petitioner's counsel was granted leave to withdraw and the petitioner was given a period

of time to either voluntarily dismiss this action or to file a brief in support of his § 2255 motion

which states the basis for his *Johnson* claim. That time has passed without a response from the

petitioner.

This action is now primed for preliminary consideration pursuant to Rule 4 of the *Rules*

*Governing Section 2255 Proceedings for the United States District Courts.* Rule 4 provides that,

"[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and

direct the clerk to notify the moving party." Title 28 U.S.C. § 2255 permits a federal court to grant

relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed

was not authorized by law or otherwise open to collateral attack, or that there has been such a

denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Pursuant to 28 U.S.C. § 2244(b)(3), the Seventh Circuit authorized this Court to consider petitioner John Lee Adams' claim that his sentence is unconstitutional under *Johnson. See* Case Number 1:12-cr-94-JMS-MJD-1 at dkt. 44. The Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The Seventh Circuit summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

Following *Johnson*, defendants across the country have challenged their convictions and sentences under statutes that have the same or similar language as the ACCA's residual clause, arguing that those statutes must likewise be unconstitutionally vague. Mr. Adams raises one variant of this argument, challenging the residual clause found in 18 U.S.C. § 924(c)(1)(A).

On November 19, 2013, petitioner John Lee Adams, III, was convicted of using a firearm during and in relation to committing a "crime of violence"—specifically armed bank robbery—in violation of § 924(c). The petition argues that post-*Johnson*, armed bank robbery, 18 U.S.C. § 2113(a) and (b), fails to qualify as a "crime of violence" because the § 924(c) residual clause is

materially indistinguishable from the ACCA residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as void for vagueness.

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

The Seventh Circuit has held the second of these two options, the "residual clause," is unconstitutionally vague in light of *Johnson's* holding that a similar residual clause in the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unlawfully vague. *United States v. Cardena*, 842 F.3d 959, 995–96 (7th Cir. 2016) (*citing Johnson*, 135 S.Ct. at 2557). So to be a crime of violence, armed bank robbery must qualify under the surviving "elements clause," *see* 18 U.S.C. § 924(c)(3)(A). Mr. Adams argues that it does not. But since his petition was filed on June 22, 2016, the Seventh Circuit has held armed bank robbery qualifies under the "elements clause" as a crime of violence. *Clark v. United States*, No. 16-2296, 2017 WL 690754, at *2 (7th Cir. Feb. 21, 2017); *see also United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016) (holding that even an attempt to commit an unarmed bank robbery is a crime of violence under the elements clause). Therefore, even though *Johnson* invalidated § 924(c)(3)'s residual clause, armed bank robbery remains a crime of violence under § 924(c)(3)'s elements clause, and it therefore constitutes a valid predicate crime of violence for the purposes of Mr. Adams' convictions. Mr. Adams is thus not entitled to relief.

Accordingly, the court now **dismisses** this action pursuant to Rule 4 because the holdings in *Clark* and *Armour* foreclose the petitioner's challenge to his sentence.

Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:12-cr-94-JMS-MJD-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

Date: 6/5/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN LEE ADAMS, III
45100-424
CANAAN - USP
CANAAN U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 300
WAYMART, PA 18472

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov